IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-158-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARCUS ANTWAN WILEY, ) | |
| ) | |
| Defendant. ) | |

On February 23, 2021, Marcus Antwan Wiley ("Wiley" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 393]. On April 5, 2021, Wiley, through counsel, filed a memorandum and exhibits in support [D.E. 397–99, 406]. On April 16, 2021, the government responded in opposition and filed exhibits in support [D.E. 408]. On April 19, 2021, Wiley replied [D.E. 410]. As explained below, the court denies Wiley's motion.

I.

On August 3, 2009, without a written plea agreement, Wiley pleaded guilty to conspiracy to commit armed bank robbery (count one), armed bank robbery and aiding and abetting (count two), and use and carry of a firearm during and in relation to a crime of violence and aiding and abetting (count three). See [D.E. 1, 82]. On November 9, 2009, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 113, 125, 214]. The court calculated Wiley's total offense level to be 26, his criminal history category to be III, and his advisory guideline range on count one and two to be 78 to 97 months' imprisonment and to be 84 months' consecutive imprisonment on count three. See [D.E. 214] 1. After denying

Wiley's motion for downward departure or variance and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wiley to 60 months' imprisonment on count one, 87 months' concurrent imprisonment on count two, and 84 months' consecutive imprisonment on count three, for a total of 171 months' imprisonment. See [D.E. 113]; [D.E. 125] 3.

On July 10, 2010, the government moved pursuant to Federal Rule of Criminal Procedure 35(b) to reduce Wiley's sentence [D.E. 194]. On October 6, 2010, the court reduced Wiley's sentence to 114 months' imprisonment [D.E. 220]. On October 27, 2010, the court amended its judgment, modifying the restitution order [D.E. 222].

On May 26, 2017, Wiley was released from federal prison and began federal supervised release. See [D.E. 335] 1; [D.E. 345] 1. On June 27, 2018, and again on December 7, 2018, Probation moved to revoke supervised release. Ultimately, the court found that Wiley violated his supervised release by conspiring to distribute and possess with intent to distribute a quantity of heroin and distribution of a quantity of heroin. See [D.E. 335]; [D.E. 345] 1. On December 13, 2018, the court sentenced Wiley to 37 months' imprisonment on the revocation, with the revocation sentence to run consecutive to Wiley's 57-month sentence on the underlying criminal conviction on two counts concerning heroin distribution. See [D.E. 346, 347]; J., United States v. Wiley, No. 5:18-CR-235-D (E.D.N.C. Dec. 13, 2018) [D.E. 213].

On April 15, 2019, Wiley moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 348]. On January 13, 2021, the court dismissed Wiley's motion and denied a certificate of appealability [D.E. 391, 392].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a

sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of

    (A)  Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)  Family Circumstances.—

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Wiley submitted a compassionate release request to the warden, which the warden denied

5

on August 10, 2020. See [D.E. 393-1]; [D.E. 406] 5. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Wiley's claim on the merits.

Wiley seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Wiley cites the COVID-19 pandemic and his obesity and hypertension. See [D.E. 398]; [D.E. 399]; [D.E. 406] 12–14. Wiley also cites the conditions at FCI Butner, his rehabilitation efforts, his release plan, and that he has served over 41% of his sentence. See [D.E. 393] 5–6; [D.E. 406] 10–11, 18–19; [D.E. 406-1]; [D.E. 406-2]; [D.E. 406-3]; [D.E. 410] 5–7.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Wiley states that he suffers from obesity and hypertension, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Wiley serves his sentence. Moreover, Wiley has received both doses of the Pfizer BioNTech vaccine. See [D.E. 408-1] 36, 63–64; cf. [D.E. 410] 1–3. Wiley argues that the vaccine may not lower his medical risks, but the court rejects his argument as meritless. Cf. [D.E. 410] 1–3. Accordingly, reducing Wiley's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Wiley's medical conditions, Wiley's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia,

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Wiley's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Wiley is 32 years old and engaged in serious criminal conduct in December 2008. See PSR [D.E. 397] ¶¶ 5–12. Wiley conspired with others to commit a violent armed bank robbery, committed a violent armed bank robbery, and used a firearm in furtherance of the violent armed bank robbery. During the violent armed bank robbery, Wiley and the conspirators terrorized employees and customers. See id. ¶¶ 5–16. One co-conspirator assaulted an employee, dragging her and smashing her face into the concrete floor. See id. ¶¶ 7–8. Wiley threw a bag at another employee and told her to fill it with money. To emphasize the importance of compliance, a co-conspirator then put his firearm in the employee's face. See id. Within three months of completing his lengthy federal prison sentence for those horrific offenses, Wiley joined a drug trafficking organization and conspired to distribute and to possess with intent to distribute a quantity of heroin and distributed a quantity of heroin. Wiley did so while on federal supervised release, yielding yet another federal conviction and two more federal prison sentences. See PSR ¶¶ 12–31, Wiley, No. 5:18-CR-235-D (E.D.N.C. Nov. 26, 2018) [D.E. 188]; J., Wiley, No. 5:18-CR-235-D (E.D.N.C. Dec. 13, 2018) [D.E. 213].

Even though Wiley now claims that he has learned his lesson, the court disagrees. Wiley learned nothing from his first trip to federal prison, and the court does not believe that he has learned much of anything since then. Wiley is a violent recidivist with multiple federal convictions and

7

additional convictions for resisting a public officer (two counts) and possession of marijuana up to ½ ounce, and a history of violating probation and supervised release. Furthermore, Wiley has continued to disregard the rules during his present incarceration, incurring four infractions to date. See [D.E. 406-1] 1. Nonetheless, Wiley has taken some positive steps while incarcerated most recently. See [D.E. 406] 18; [D.E. 406-1]; [D.E. 406-2]; [D.E. 410] 5.

The court has considered Wiley's exposure to COVID-19, his vaccination status, his medical conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to vaccinate Wiley, the section 3553(a) factors, Wiley's arguments, the government's persuasive response, and the need to punish Wiley for his serious criminal behavior and egregious breach of trust, to incapacitate Wiley, to promote respect for the law, to deter others, and to protect society, the court declines to grant Wiley's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Wiley's request for home confinement, Wiley seeks relief under the CARES Act. See [D.E. 393, 406]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No.

4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Wiley's request for home confinement.

II.

In sum, the court DENIES Wiley's motion for compassionate release [D.E. 393], and DISMISSES Wiley's request for home confinement.

SO ORDERED. This 26 day of May 2021.

JAMES C. DEVER III
United States District Judge